LARRY MELLO and FRANK MELLO, Plaintiffs-in-Error, v. LARRY WILLIAMS and wife, VIRGINIA WILLIAMS, Defendants-in-Error.—404 S.W.(2d) 805.

Western Section, at Jackson. July 16, 1964.

Rehearing Denied by Supreme Court October 5, 1964.

Certiorari Denied by Supreme Court September 4, 1964.

60

James O. Garner, Bernard M. Rosen, Memphis, for plaintiffs in error.

Thomas R. Prewitt, of Armstrong, McCadden, Allen, Braden & Goodman, Memphis, for defendant in error.

CARNEY, J. These lawsuits arose out of an automobile accident occurring December 4, 1962, at the intersection of Third Street and North Parkway in Memphis, Tennessee. The jury returned a verdict of $3,000.00 in favor of Mrs. Williams for personal injuries; for $1,800.00 for damages to the automobile and for $500.00 in favor of Mr. Williams for hospital bills and loss of consortium. The defendants, Larry Mello and father, Frank Mello, have appealed in error.

The plaintiff, Virginia Williams, was driving north on Third Street and the defendant, Larry Mello, was driving westerly on North Parkway. North Third, at the place of collision, is a one-way through street with all traffic being directed northward. There was a stop sign at the northeast corner of the intersection which required west-bound traffic traveling on North Parkway to stop for the intersection with Third Street. The defendant, Larry Mello, did not see the stop sign. He proceeded on into the intersection in violation of the stop sign and collided with the automobile driven by Mrs. Williams in the inter-section. Both cars were damaged and Mrs. Williams received an injury to her neck and shoulders for which she brought suit.

Mrs. Williams is a registered nurse employed by Methodist Hospital in Memphis, Tennessee. Her husband, Larry Williams, is a reporter for the Memphis Commer-cial Appeal. Mrs. Williams had driven her husband to work and was on her way home at the time of the colli-sion. Her three-year-old daughter, Cindy Williams, was in the car with her. Cindy Williams received only a slight scratch in the collision and no suit was brought for her injuries. Mr. Williams brought suit for damages to the automobile and also for hospital and medical expenses incurred by his wife and minor child as well as loss of consortium and services.

Assignment of error No. I that the jury verdicts are against the weight and preponderance of the evidence is overruled. This court does not weigh the evidence before the jury.

Assignment of error No. II insists that the ver-dicts were excessive, indicating passion, prejudice or

unaccountable caprice on the part of the jury. Mrs. Williams, aged 25, was treated by her obstetrician with hormonal tablets to prevent a miscarriage; she was hospitalized for about a week, placed in traction; given ultrasonic heat treatments and wore a back brace for an extended period after her release from the hospital. She gave birth to a normal baby boy about four months after the collision. The total amount of her hospital and medical expenses was over $500.00. She lost approximately $400.00 in wages as a nurse at the Methodist Hospital. The repair bills to the automobile were over $1,300.00. There was no evidence contradicting either the testimony of Mrs. Williams or her husband as to her injuries or their special damages. We cannot say that the verdicts were excessive and assignment of error No. II is overruled.

Assignment of error No. III complains of failure of the Trial Court to give a special charge requested by the defendant. From our review of the charge as given by the court it was full and comprehensive and we see no error in the failure of His Honor to give the defendants' special request. Therefore, assignment of error No. III is respectfully overruled.

Assignment of error No. IV insists that His Honor the Trial Judge erroneously failed to grant defendants' motion for a mistrial when the plaintiffs' attorney, in rebuttal argument, intimated that defendants were insured by stating that defendants could avail themselves of protection, meaning insurance, and further stating, "Don't worry how I'm going to collect the judgment, that is my concern." From the transcript at page 146 we copy as follows:

"Counsel for defendants in his argument to the jury, among other things, stated as follows: 'The Mellos are just plain folks. I want you to think about what a verdict against them will do to them. I want you to consider every penny before taking any of the Mellos' money and giving it to the plaintiffs. Mr. Mello is just a poor man on a salary working for Kroger in Bowling Green, Kentucky. Treat him like you would want to be treated if you were in Bowling Green.'

"In his final rebuttal argument to the jury, following the argument of counsel for defendants, counsel for plaintiffs, among other things, stated: 'Let me worry about collecting any verdict that you might render against the defendants.'

"Also, in final rebuttal argument to the jury, following the argument of counsel for defendants, counsel for plaintiffs, among other things, stated:—

'It is a little late for defendants to be crying now about the effects of a judgment against them in this case. Any person who drives an automobile on the public streets of Memphis or Bowling Green should think about the consequences of their negligent conduct in advance and take proper steps to protect himself; and not wait until after he has wrongfully injured another person and then try to play upon the sympathy of the jury.'"

The plaintiffs-in-error cite and rely upon our recent case of Woods v. Meacham, 46 Tenn.App. 711, 333 S.W.2d 567. In the Woods case this court reviewed all the cases in Tennessee dealing with insurance before the jury. Judge Bejach, for the Court, announced the prevailing rule that where the injection of the question of liabil-

ity insurance into the case was made deliberately or intentionally by counsel for plaintiff, or where counsel for plaintiff persisted in the matter after the court had sustained an objection, a reversal should be granted; and especially so where the amount of the jury's verdict indicated that the improper conduct had the desired effect.

In our opinion the facts of this case fall far short of those obtaining in the case of Woods v. Meacham. The argument of defendants' attorney injected into the case the suggestion that the defendants were poor, hard-working people. The answer of the attorney for plaintiffs to the effect "Let me worry about collecting any verdict that you might render against the defendants" is subject to the interpretation by the jury that the defendants were insured. However, his second statement that defendants should have protected themselves seems somewhat to counteract the first statement and is subject to an interpretation by the jury that the defendants didn't have liability insurance.

Probably a motion by defendants for an instruction from the Trial Judge to the jury to disregard such argument on the part of the plaintiffs' attorney would have been granted. None was made.

Defendants made a motion for a mistrial. We think it was within the discretion of the Trial Judge whether to grant or overrule such motion. We do not find from the record that defendants were prejudiced by such remarks of counsel or that the verdict of the jury would have been different if the argument had not been made. The verdict of the jury seems amply supported by the preponderance

of the evidence. Assignment of error No. IV is therefore respectfully overruled. T.C.A. Section 27-117.

The judgment of the lower court is affirmed at the cost of the plaintiffs-in-error.

Chancellor Brooks McLemore sat as Special Judge upon the hearing of this case in the place of Judge J. B. Avery who was ill.

Bejach, J., and Brooks McLemore, Special Judge, concur.